FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES WILLIAM BATTLE, III,

    **Plaintiff,**

vs.                                                                                                Case No.: 3:03-cv-625-J-25TEM

**CITY OF JACKSONVILLE,
FLORIDA, and JOHN RUTHERFORD,**
in his official capacity as Sheriff of the
Jacksonville Sheriff's Office,

    **Defendants.**

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, James William Battle, III, brings this action seeking monetary damages, attorney's fees and costs against Defendants and alleges the following:

1.     This is an action for damages, attorney's fees and costs for the deprivation of Plaintiff James William Battle, III's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as claims under Florida law.

## JURISDICTION AND VENUE

2.     Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §1983 and 28 U.S.C.§§1331 and 1343, as to the federal claims herein. The Court has supplemental jurisdiction as to state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, James William Battle, III ("Battle") is an adult resident of Jacksonville, Duval County, Florida, and a citizen of the United States.

5. Defendant, City of Jacksonville, Florida ("City") is a political subdivision of the State of Florida. Defendant, City of Jacksonville was at all times relevant, responsible for its agents and employees of the Jacksonville Sheriff's Office. The City is charged under law with the duty of supervising, overseeing, training and establishing policy regarding the conformance of the conduct of the Jacksonville Sheriff's Office and its agents and employees with the United States Constitution. The City is further responsible for training its agents and employees to adhere to constitutional standards. The City of Jacksonville is a person for purposes of 42 U.S.C. §1983.

6. Defendant John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, Florida, was at all times relevant, responsible for the training, instruction, discipline, control and conduct of police officers of the Jacksonville Sheriff's Office. He is also charged with promulgating all orders, rules, instructions and regulations of the Jacksonville Sheriff's Office, including, but not limited to, those orders, rules, instructions and regulations concerning searches and seizures. At all times relevant, Defendant, John Rutherford, had the power, right and duty to control his officers to conform to the United States Constitution and to ensure that all orders, rules, instructions and regulations promulgated for the Jacksonville Sheriff's Office were consistent with

the United States Constitution. At all times relevant to this complaint, Defendants City of Jacksonville and Sheriff John Rutherford, their agents and employees, acted under color of law.

## FACTUAL ALLEGATIONS

7. On January 10, 2003, Battle was pulled over approximately one block from his residence, located at 1328 Franklin Street in Jacksonville, Florida.

8. Battle exited his vehicle with his hands up in the air.

9. Police officers with the Jacksonville Sheriff's Office approached Battle

10. Battle turned towards the vehicle from which he had just exited and put his hands up on the side of the vehicle.

11. Battle then informed the officers that his wallet was in his back pocket.

12. Battle then began descending to the ground.

13. Battle looked up and saw a dog approaching at a high rate of speed.

14. Battle threw his left arm up to protect his face, and the dog bit Battle on the side of the head, tearing and disfiguring his left ear.

15. Battle struggled to ward off the dog and protect himself.

16. The dog bit Battle's hand and severed the tip of Battle's right ring finger during the struggle.

17. Battle proceeded to roll over onto his stomach to cover himself up, and the dog bit him in the back of the neck.

18. Officer Stafford finally commanded to dog to cease its attack upon Battle and the dog halted its attack.

19. Rescue units arrived on the scene to treat Battle's injuries and Battle was subsequently transported to Shands Hospital.

20. A physician performed a procedure to salvage the remains of Battle's left ear and finger and also stitched up the bite on the back of Battle's neck.

21. Battle, after having been stabilized, was taken to the Duval County Pretrial Detention Facility and was arrested for grand theft auto and resisting arrest without violence.

## COUNT ONE - EXCESSIVE FORCE

22. Paragraphs 1 through 21, above, are realleged and incorporated by reference herein.

23. Defendants, their agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs and policies which directly resulted in the use of excessive force against Battle which was the moving force causing his injuries and is actionable under 42 U.S.C. §1983, as a violation of the Fourth and Fourteenth Amendments to the United States Constitution. The City has a widespread custom and practice of using its canines to search, locate and bite non-violent suspects. Additionally, by failing to discipline its officers for their use of excessive force against Plaintiff, Defendants have ratified the officers' decision and the reasons for that decision, thus constituting a practice, custom or policy. Alternatively, the officers acting on the scene were the final policymakers for Defendants as their decisions were not immediately or effectively reviewable.

24. As a direct and proximate result of the willful and deliberate action or inaction of the Defendants, Plaintiff suffered damages, including but not limited to, physical injuries, permanent scarring, disfigurement, monetary loss of earnings and severe emotional and psychological distress.

25.  The actions or inactions alleged above were undertaken or failed to be undertaken because of Defendants' willful, wanton, callous and knowing disregard of the clearly established rights of the Plaintiff to be free from the use of excessive force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment for actual and compensatory damages, attorney's fees and costs, and any other relief this Court deems just and proper.

## COUNT II - STATE LAW CLAIM - EXCESSIVE FORCE

26.  Paragraphs 1 through 21, above, are realleged and incorporated by reference herein.

27.  Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2002) and §§112.201-112.205, Jacksonville Ordinance Code.

28.  Employees of the Jacksonville Sheriff's Office used excessive force against Plaintiff in effectuating Plaintiff's arrest.

29.  Defendants, having been given the authority to use force against Plaintiff and/or others, are liable for their officers' abuse of such authority.

30.  As a direct and proximate result of the use of excessive force against Plaintiff, Plaintiff suffered physical injuries, permanent scarring, disfigurement, monetary loss, pain and suffering, mental anguish and emotional distress.

WHEREFORE, Plaintiff demands judgment for actual and compensatory damages, costs and other relief that this Court deems just and proper.

## COUNT III - STATE LAW CLAIM - NEGLIGENCE

31. Paragraphs 1 through 21, above, are realleged and incorporated by reference herein.

32. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.21, Fla. Stat. (2002) and §§112.201-112.205, Jacksonville Ordinance Code.

33. Defendants owed a duty to Plaintiff to use reasonable care in effectuating his arrest.

34. Defendants breached the duty owed to Plaintiff by using excessive force against him and failing to adequately train and supervise law enforcement personnel.

35. The negligent acts or omissions of Defendants were the proximate cause of Plaintiff's physical injuries, permanent scarring, disfigurement, monetary loss, pain and suffering and severe emotional distress and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for actual and compensatory damages, costs and other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Matthew R. Kachergus
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
D. Gray Thomas, Esquire
Florida Bar No.: 956041
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Sheppard, White and Thomas, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:    (904) 356-9667
COUNSEL FOR PLAINTIFF

## **VERIFICATION**

STATE OF FLORIDA    }
                                   } ss.
COUNTY OF DUVAL   }

**BEFORE ME,** the undersigned authority, this day personally appeared **James William Battle, III,** who, being first duly sworn, deposes and says that he is the Plaintiff named herein; that he has read the foregoing Verified Complaint and Demand for Jury Trial; and that the facts contained in said Verified Complaint and Demand for Jury trial are true and correct.

                                                                        _James Battle_
                                                                      James William Battle, III

The foregoing instrument was acknowledged before me this __21st__ day of July, 2003, by **James William Battle, III,** who is personally known to me and who did take an oath.

_Linda D. Hughes_
Signature of person taking oath
Notary Public
State of Florida

_____
Name typed, printed or stamped

lh 0313